UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK ANTHONY COLEMAN                                   CIVIL ACTION

VERSUS                                                 NO. 13-6206

STACI PITRE ET AL.                                     SECTION "C" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Mark Anthony Coleman, is a convicted prisoner currently incarcerated

in the Rayburn Correctional Center in Angie, Louisiana.  He filed this complaint pro se

and in forma pauperis pursuant to 42 U.S.C. § 1983 against defendants Staci Pitre, Merlin

Oil and Gas, Petroleum Hunt-Dallas, Texas, and the State of Louisiana. Coleman alleges

that his Fourth Amendment property (mineral) rights were violated by defendants when

they failed to provide documents to negotiate a contract with him. He seeks monetary

damages and injunctive relief.  Record Doc. No. 3 (Complaint).

Specifically, plaintiff's complaint states:

> This civil rights actions (sic) filed by plaintiff pro se against the
> above mentioned defendants in their indivisual (sic) capacities is for
> violations of the (Forth (sic) Amendment . . . .
> Plaintiff . . . and [his] siblings . . . inherited some property from one
> of their deceased parents . . . .
> It has been brought to the attention of the plaintiff in this case that
> minerals non-fuelable productions in part, oil and gas petroleum under
> some form of geological survey for productions - including consumption
> by Petroleum-Hunt, Merlin oil and gas now including some form of sulfur.
> These defendants notified each and everyone of us confirming
> (confirmation) that the minerals, oil and gas was (sic) there on the property.
> All the siblings received indivisual (sic) lease contracts. I received mine
> May 1, 2013 advising me of the Findings[.]

Defendant, Staci Pitre[,] noted in the contract that if signed I would be awarded a (Fifty dollar) signing bonus and additional not to be . . . exact but $250.00 . . . and that the contract was for <u>5</u> years.

Defendant, Staci Pitre, further stated that after consumptions, productions and sales that I . . . would along with the other siblings . . . receive 22.5 percent divided under these indivisual (sic) contracts among the siblings and myself . . . .  Before I signed my indivisual (sic) lease contract I requested proprietary data on the production, including consumptions, sales, in all forms, marketable productions[,] a copy of the 1923 map that claim to have directed the defendant to the actual minerals and petroleum.

Even though due to indivisual (sic) contracts which were signed by the other (5) siblings, I . . . personally feel the defendants are in violations (sic) of the United States Constitutions Forth (sic) Amendment in which I am protected from unwarranted . . . intrusions of a constitutional protected area. I never signed my contract and personally feel my share of the property is being unconstitutionally seized under the Forth (sic) Amendment which I am fundamentally protected.

<u>Id.</u>, (Complaint at pp. 8-11).

In conclusion, Coleman requests the following relief:

I . . . request to this Honorable Court to be awarded the right to inspect copies and documentations of the actual agreements, maps, preliminary figures, productions, proprietary data to its entirety, survey authorizations, including mineral consumptions, reserve figures, all funds that would be actually awarded to myself and mainly a copy of the oil and lease contract.

Further, I request to this Honorable Court to be awarded an attorney to oversee my share of the lease and the funds that may be awarded to me at 22.5 percent.

Further, I ask for Petroleum Hunt Merlin Oil and gas representatives to set a mediation with myself . . . .

<u>Id.</u> (Complaint at pp. 11-12).

## ANALYSIS

I.     STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th

Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably

meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder,

105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question

of law which the district court ultimately finds is correctly resolved against the plaintiff,

dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section

1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in

forma pauperis complaint which is legally frivolous, fails to state a claim or seeks

monetary relief against a defendant who is immune from such relief may be dismissed

sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed, either under 28

U.S.C. § 1915(e) as legally frivolous because it lacks an arguable basis in law, or under

Rule 12(b)(6), because it fails to state a cognizable Section 1983 claim under the broadest

reading.[1]  In addition, no other valid basis for federal jurisdiction has been stated in this

complaint.

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to
parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452
F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v.
McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

II.     DEFENDANTS ARE NOT STATE ACTORS

Coleman is a prisoner who has filed this suit on a form provided to prisoners for asserting claims under 42 U.S.C. § 1983.  He asserts no claims concerning the conditions of his confinement or against any individual state officers acting as his custodians. Instead, Coleman's claims against defendants Staci Pitre, Merlin Oil and Gas and Petroleum Hunt-Dallas, Texas, are based on his allegations that defendants are responsible for the deprivation of certain private contractual, personal and/or mineral rights in oil and gas producing property.  No such liability conceivably exists under Section 1983, and this court is without subject matter jurisdiction to adjudicate any claims he may be asserting under Louisiana state law.

First, defendants Merlin Oil and Gas and Petroleum Hunt-Dallas, Texas, cannot be liable to Coleman under Section 1983 because these private business entities cannot be state actors in the context described in Coleman's complaint.  In addition, under no circumstances can defendant, Staci Pitre, identified by plaintiff as an employee of Merlin Oil and Gas, be considered a state actor as a matter of law for Section 1983 purposes in light of the allegations made by plaintiff in this complaint.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)).

"'Federal question jurisdiction under [28 U.S.C.] § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Williams v. EDCare Mgmt., Inc., No. 1:08-CV-278, 2008 WL 4755744, at *5 (E.D. Tex. Oct. 28, 2008) (quoting Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997)).  Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).  Because plaintiff fails to state a cognizable Section 1983 claim upon which federal question subject matter jurisdiction might be based, his federal claim must be dismissed.

Only state action in violation of an individual's constitutional rights may serve as the basis for a cognizable Section 1983 claim.  Although Coleman has named the State of Louisiana as a defendant, the transaction upon which he bases his claims arises from a purely private contract.  Plaintiff asserts no claims in this lawsuit against any individual state officials acting in any capacity.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." James

v. Tex. Collin County, 535 F.3d 365, 373 (5th Cir. 2008) (quotation omitted) (emphasis added).  Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties."  United States v. Causey, 185 F.3d 407, 414, 415 (5th Cir. 1999); accord Bryant v. Military Dep't, 597 F.3d 678, 687 (5th Cir. 2010), petition for cert. filed, No. 10-81, 79 U.S.L.W. 3062 (July 12, 2010); Townsend v. Moya, 291 F.3d 859, 861 (5th Cir. 2002); see also Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988) (A violation of the Fourteenth Amendment right to equal protection "occurs only when the government treats someone differently than others similarly situated.") (emphasis added).

"As a threshold matter, for a plaintiff to state a viable claim under § 1983 against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)). A private actor is subject to constitutional liability only when "such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself." Id. at 747-48 (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Thus, to assert a claim for a violation of Section 1983 in the instant case, Coleman must show that defendant's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). "[A] finding of state action is justified only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.  A state is not responsible for a private party's decisions unless [the state] has exercised coercive power or has provided such significant encouragement . . . that the choice must in law be deemed to be that of the state." Id. (quotations and citations omitted).

Because these defendants are private persons or business entities, they are not state actors. There is no allegation of coercion through state power or significant encouragement by the State sufficient to deem the private defendants' actions to have been that of the State.  Thus, plaintiff's Section 1983 claims have no basis in federal law and must be dismissed for failure to state a cognizable claim.

III.    CLAIMS AGAINST THE STATE

Coleman names the State of Louisiana as a defendant.  It is entirely unclear from Coleman's allegations how the State might conceivably be liable based upon the purely private contractual transactions described in his complaint.  However, even if these allegations could somehow be construed to assert a valid claim against the State, 28 U.S.C. § 1915(e)(2)(B)(iii) provides that, as to any case filed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . the action . . .

seeks monetary relief against a defendant who is <u>immune</u> from such relief." (Emphasis added).

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment.  Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Williams v. Dallas Area Rapid Transit</u>, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it.  La. Rev. Stat. Ann. § 13:5106(A); <u>Delahoussaye v. City of New Iberia</u>, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. <u>Port Auth. Trans-Hudson Corp. v. Feeney</u>, 495 U.S. 299, 305 (1990); <u>Earles v. State Bd. of Certified Pub. Accountants</u>, 139 F.3d 1033, 1038 (5th Cir. 1998); <u>Stem v. Ahearn</u>, 908 F.2d 1, 4 (5th Cir. 1990).

Because the State of Louisiana is immune from suit and has not waived its immunity, plaintiff's claims against the State must also be dismissed with prejudice.

IV.    <u>NO DIVERSITY JURISDICTION</u>

It is axiomatic that this court exercises only limited jurisdiction and must, at all

times, examine and be satisfied of its own subject matter jurisdiction.  Subject matter

jurisdiction "is nonwaivable and delimits federal-court power . . . .  Subject-matter

limitations on federal jurisdiction . . . keep the federal courts within the bounds the

Constitution and Congress have prescribed.  Accordingly, subject-matter delineations

must be policed by the courts on their own initiative even at the highest level." <u>Ruhrgas</u>

<u>AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999) (citing <u>Steel Co. v. Citizens for a</u>

<u>Better Env't</u>, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."[2])); <u>accord</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1945 (2009).  Even if "neither

party raises the issue of subject matter jurisdiction, this court must consider jurisdiction

<u>sua sponte</u>." <u>Equal Emp't Opportunity Comm'n v. Agro Distrib., LLC</u>, 555 F.3d 462,

467 (5th Cir. 2009).

It is equally axiomatic that Coleman, as the plaintiff who invokes the court's

jurisdiction, bears the burden to show the basis for subject matter jurisdiction. <u>Kokkonen</u>

<u>v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994); <u>Vantage Trailers, Inc. v. Beall</u>

<u>Corp.</u>, 567 F.3d 745, 748 (5th Cir. 2009).  "In evaluating jurisdiction, the district court

---

[2] The quoted language is the current version of Rule 12(h)(3), which was amended in 2007 to make changes that are "stylistic only." Fed. R. Civ. P. 12, official comment (2007).

must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's

allegations." Id.

> The basic statutory grants of federal-court subject-matter jurisdiction
> are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for
> "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship"
> jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she
> pleads a colorable claim "arising under" the Constitution or laws of the
> United States.FN10  She invokes § 1332 jurisdiction when she presents a
> claim between parties of diverse citizenship that exceeds the required
> jurisdictional amount, currently $75,000.

Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Steel Co., 523 U.S. at 89);

(quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)(emphasis added)).

In this case, Coleman's complaint must be dismissed under Fed. R. Civ. P. 12(h).

For the reasons discussed above, plaintiff's claims fail to establish federal question

jurisdiction under either Section 1983 or any other federal constitutional basis.

It is also clear from plaintiff's submissions, however, that to whatever extent he

seeks to assert state law claims, diversity of citizenship jurisdiction over such claims does

not exist.  Diversity jurisdiction exists only when the claims in the complaint are between

citizens of different states, and when the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

The law is long established that, when federal jurisdiction is based on diversity of

citizenship, complete diversity must exist between all adverse parties in the action; i.e.,

plaintiff's citizenship must be diverse from the citizenship of each defendant.  Lincoln

Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 7 U.S. 267,

267 (1806)); <u>Breaux v. Dilsaver</u>, 254 F.3d 533, 536 (5th Cir. 2001). Coleman's complaint identifies himself and defendants Merlin Oil and Gas and Staci Pitre as citizens of Louisiana, while only defendant Petroleum Hunt is allegedly domiciled in Texas. Record Doc. No. 3. (Complaint at ¶'s III and Attached "Affidavit" at p. 2). Thus, there is no <u>complete</u> diversity of citizenship in this case.

In addition, diverse citizenship of the parties is only one of <u>two</u> separate requirements to establish subject matter jurisdiction in this court under 28 U.S.C. § 1332. Specifically, Coleman fails to allege the requisite $75,000.00 amount in controversy to support diversity jurisdiction. The only specific dollar amounts alleged to have been lost that are mentioned in Coleman's complaint and its attachments are a $50.00 "signing bonus" and an additional "$250.00 . . . for <u>5</u> years." <u>Id.</u>, Affidavit at p. 2. These allegations fail on their face to meet the jurisdictional amount threshold of $75,000.00. Thus, the facts alleged clearly "do not support a finding of the jurisdictional minimum." <u>Morris v. Electric Mobility, Inc.</u>, 2003 WL 21664726, *1 (E.D. La. July 15, 2003).

### RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim and because he asserts claims against an immune defendant under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that to whatever extent, if any, that the complaint asserts state law claims, they must be dismissed without prejudice because this court lacks subject matter jurisdiction over plaintiff's claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this ____18th____ day of November, 2013.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.